IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT CARTER, | ) | CASE NO. 1:10CV2661 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| BOB REID, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Plaintiff *pro se* Robert Carter filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Bob Reid, Cuyahoga County, Ohio Sheriff and the Cuyahoga County Jail Medical. He alleges that there are bugs everywhere, and he was bitten by a spider while taking a shower. The spider bite allegedly caused him to sustain a Staph infection. Plaintiff states he did not receive treatment for a week. The infection allegedly remained when he was released from medical and sent to the regular population. Plaintiff requests medical treatment and damages in the amount of $2,500,000.00.

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing

that federal question jurisdiction is divested by unsubstantial claims).

Where a claim is asserted on behalf of a pre-trial detainee, the Due Process Clause of the Fourteenth Amendment is the manner in which to proceed. *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 539 (6th Cir. 2008) (citing *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983). The Fourteenth Amendment provides that "a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The due process right is analogous to the rights of prisoners under the Eighth Amendment. *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005). The Eighth Amendment requires that convicted prisoners be provided "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). *See Spears v. Ruth*, 589 F3d 249, 254 (6th Cir. 2009) (§1983 law used although plaintiff was pretrial detaineee).

Plaintiff has sued the Cuyahoga County Jail Medical Department. In order to state a claim under § 1983, he must show that the alleged violations were committed by a person acting under color of state law. *Swiecicki v. Delgado*, 463 F.3d 489, 495 (6th Cir. 2006) A jail is a building wherein prisoners are held and is not a suable entity. *Johnson v. Blackwelder*, 2009 WL 1392596 * 4 (E.D.Tenn., May 15, 2009); *Coffey v. Miami County Jail*, 2007 WL 316262 * 2 (S.D. Ohio, Jan 29, 2007).

A sheriff or other county official acts on behalf of the entity he represents. *Newman v. Evans*. 2009 WL 814616 * 5 (E.D.Mich., Mar. 27, 2009). Thus, when sued in his official capacity under section 1983, the suit is actually against the county. *Monell v. Department of Social Services of City of Mew York.*, 436 U.S. 658, 690 n. 55 (1978). "Official-capacity suits ... 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.' " *Kentucky v.*

*Graham,* 473 U.S. 159, 166 (1985) (quoting *Monell,* 436 U.S. at 691 n. 55 (1978)). *Everson v. Leis,* 556 F.3d 484, 493 (6th Cir. 2009). In such case, a plaintiff must show that the alleged violation of his or her constitutional rights resulted from acts representing official policy or custom adopted by the city. *Monell,* 436 U.S. at 690-91; *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245-46 (6th Cir. 1989); *Moore v. Chattanooga Police Dept.,* 2008 WL 3896114 * 5 (E.D. Tenn., Aug. 19, 2008). Plaintiff has not alleged a violation of any custom or policy.

Plaintiff alleges that Sheriff Reid is forcing inmates to live in unsanitary conditions. The Sixth Circuit held in *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982), that a supervisor must have at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct. Also, a failure to supervise, control or train an individual is not actionable "unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). A defendant cannot be held liable under § 1983 based on the theory of *respondeat superior. Browning v. Pennerton,* 633 F. Supp.2nd 415, 431 (E.D. Ky., 2009). The Complaint is devoid of any allegation that Sheriff Reid implicitly authorized, approved, or knowingly acquiesced in requiring inmates to live in unsanitary conditions.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: February 24, 2011

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE